Filed 7/10/25  P. v. Vargas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOHNNY JOE VARGAS,

    Defendant and Appellant.

E083567

(Super.Ct.No. FSB20000582)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant Johnny Joe Vargas contends the trial court abused its discretion in imposing an upper term sentence, since it failed to consider that he suffered childhood trauma, pursuant to Penal Code[1] section 1170, subdivision (b)(6). We affirm the judgment.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>[2]

A police officer was dispatched on a call regarding a reported stolen vehicle. The officer located the vehicle and conducted a traffic stop. Defendant was driving the stolen vehicle, and the officer arrested him.

A jury convicted defendant of driving or taking a vehicle without consent. (Veh. Code, § 10851, subd. (a), count 1.) The trial court subsequently found true one prior strike allegation (§§ 1170.12, subds. (b) & (c), 667, subds. (d) & (e)), as well as the following four circumstances in aggravation within the meaning of California Rules of Court, rule 4.421: (1) defendant's prior convictions were numerous and of increasing seriousness, (2) he had served prior prison terms, (3) he was on parole during the commission of the current offense, and (4) his prior performance on probation and parole was unsatisfactory.

Defendant filed a sentencing brief and requested that the trial court dismiss his prior strike under section 1385, subdivision (a), pursuant to *People v. Superior Court*

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The underlying facts of this case are not relevant to the issues on appeal; thus, this opinion will only give a brief description of the facts.

(*Romero*) (1996) 13 Cal.4th 497.  Defendant argued, through a biopsychosocial report prepared by a social worker, that he "experienced a myriad of childhood traumas including housing instability, family violence and financial instability."  He detailed the trauma of his childhood, which included his parents being drug addicts, his father being physically abusive, defendant drinking alcohol and using drugs with his friends, and him ending up in Juvenile Hall at 15 years old.

The prosecution filed its sentencing brief, asking the court to deny defendant's *Romero* motion and sentence him to the upper term.  The prosecutor noted defendant had an extensive criminal history that included two felony adjudications, one prior strike conviction, 16 felony convictions, and six misdemeanor convictions.  The prosecutor further noted that defendant was requesting leniency because he allegedly experienced a myriad of childhood traumas; however, if true, "these justifications for his criminal behavior have existed for decades," and he never took advantage of the rehabilitative programs that were available to him.  The prosecutor listed the four aggravating factors the court found true and noted there were no mitigating factors.

The probation report also listed the aggravating factors and confirmed there were no mitigating factors.  The report stated that defendant had "a substantial and lengthy criminal record," which included 12 state prison terms, and that he had "violated his terms and conditions of probation, PRCS, and parole numerous times."  The probation department recommended that the court impose the aggravated term, doubled pursuant to the prior strike.

The court held a sentencing hearing and addressed defendant's *Romero* motion. Defense counsel submitted on his brief and asked the court to review defendant's background "to get an idea of his upbringing and some of the circumstances that may have led him in the direction that he ultimately went." The trial court stated that it read the defense brief, including the details of defendant's history, as well as the prosecution's brief. It then declined to exercise its discretion to dismiss the prior strike, noting that defendant's prior convictions "are numerous and have been continuous." The court also noted he served prior terms in prison and county jail, he was on post-release supervision or parole at the time of the offense, and his prior performance on probation or parole was unsatisfactory. The court called attention to the probation report, noting it set forth defendant's lengthy criminal history.

The court then proceeded to sentence defendant, stating that it read and considered the probation report and its recommendation, as well as the circumstances in aggravation and mitigation. The court noted there was a true finding as to the aggravating factors in this case and recited the four factors. It then selected the upper term of three years, doubled by the strike, and sentenced defendant to a total term of six years in prison.

DISCUSSION

The Trial Court Properly Imposed the Upper Term

Defendant contends the trial court abused its discretion in imposing the upper term since it failed to apply the correct legal standards in sentencing him. Specifically, he claims the court "either misunderstood or failed to exercise its discretion" under section

4

1170, subdivision (b)(6)(A), did not consider his childhood trauma, and made no finding that imposing the lower term would be contrary to the interests of justice. We conclude the court properly exercised its discretion in sentencing defendant.

A. *Applicable Law and Standard of Review*

Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170. (Stats. 2021, ch. 731, § 1.3.) Following the amendment, the middle term for any offense with a sentencing triad became "the presumptive sentence . . . unless certain circumstances exist." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 (*Flores*).)

Relevant here, Assembly Bill No. 124 (2021-2022 Reg. Sess.) added subdivision (b)(6) to section 1170. (Stats. 2021, ch. 695, § 5.1; *Flores, supra*, 73 Cal.App.5th at pp. 1038-1039.) This subdivision provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

A trial court's exercise of sentencing discretion is reviewed for abuse of discretion. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) The sentencing court has wide discretion in weighing the relevant factors. (*Ibid*.) "'To prove an abuse of

5

discretion, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.'"'" (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*).) However, ""'in the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"'" (*Ibid.*)

B. *Defendant's Claim Has Been Forfeited*

On appeal, defendant contends the trial court erred by imposing the upper term because section 1170, subdivision (b)(6)(A), generally provides for a presumptive lower term sentence where a defendant has experienced psychological, physical, or childhood trauma that was a contributing factor in the commission of the offense. We conclude that defendant has forfeited this argument for failure to raise it at the time of sentencing.

The California Supreme Court has held that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see *In re F.M.* (2023) 14 Cal.5th 701, 710 ["a defendant who fails to object before the trial court to a sentence on the ground that it is being 'imposed in a procedurally or factually flawed manner' generally forfeits the right to challenge such an error on appeal"].)

Here, the record does not show that defendant ever asserted he was entitled to a presumptive lower term pursuant to section 1170, subdivision (b)(6), as a result of

psychological, physical, or childhood trauma. Even when circumstances might justify the application of this statute, it is the defendant who bears the burden to raise the issue at the time of sentencing, and the failure to do so forfeits any claim of error on appeal. (*Fredrickson*, *supra,* 90 Cal.App.5th at pp. 991-992; *People v. Tilley* (2023) 92 Cal.App.5th 772, 777-778 [defendant forfeited argument by failing to object to trial court's imposition of middle term under section 1170, subd. (b)]). Because defendant never raised any issue under section 1170, subdivision (b)(6) below, he has forfeited his claim.

C. *The Trial Court Properly Exercised its Discretion*

Notwithstanding the forfeiture, defendant's claim fails on the merits. He contends the trial court "disregarded the presumption" of the lower term in section 1170, subdivision (b)(6)(A) and made no finding that imposing the lower term would be contrary to the interests of justice. We conclude that defendant has not shown the lower term presumption applied.

Section 1170, subdivision (b)(6)(A), does not mandate a presumption in favor of the lower term in every case in which the defendant experienced childhood trauma. Instead, the presumption applies only if the defendant's childhood was "a contributing factor" in the commission of the offense. (§ 1170, subd. (b)(6)(A); see also *Flores, supra*, 73 Cal.App.5th at p. 1039 and *Fredrickson*, *supra*, 90 Cal.App.5th at pp. 991-992.) In other words, in order to trigger the presumption, there must be some initial showing that defendant's childhood trauma was a contributing factor, and "only then

must the record affirmatively show compliance with the statute." (*Fredrickson*, *supra*, 90 Cal.App.5th at p. 992.)

Here, defendant failed to make the required showing that his childhood trauma contributed to his decision to drive or take a vehicle without consent. (Veh. Code, § 10851, subd. (a), count 1.) His sentencing brief detailed his upbringing but never alleged that his childhood trauma contributed to the commission of the offense. The biopsychosocial assessment report defendant attached in support of his sentencing brief also failed to relate his childhood trauma to the commission of the offense. Even on appeal, defendant does not allege that his childhood trauma was a contributing factor to his offense. Instead, he merely argues that the court erred by failing to consider whether his childhood trauma triggered a presumptive lower term sentence pursuant to section 1170, subdivision (b)(6). Because there was no argument or evidence that defendant's childhood trauma was a contributing factor to the commission of his offense, the trial court was not required to make a finding regarding the applicability of section 1170, subdivision (b)(6). (See *Fredrickson*, *supra*, 90 Cal.App.5th at p. 992.)

Even assuming the record supported a finding that defendant's childhood trauma contributed to the commission of the offense, the trial court was not required to impose the lower term if it found the aggravating circumstances outweighed the mitigating circumstances, such that the imposition of the lower term would be "contrary to the interests of justice." (§ 1170, subd. (b)(6).) The court stated that it read and considered the probation officer's report and recommendation and the circumstances in aggravation

8

and mitigation. The trial court noted there was a finding of the following aggravating factors: (1) defendant's prior convictions or sustained petition in juvenile delinquency proceedings were "numerous or of increasing seriousness", (2) he had served prior prison terms, (3) he was on probation, mandatory post-release community supervision, or parole when the offense was committed, and (4) his prior performance on probation, mandatory supervision, or parole were unsatisfactory. There were no mitigating circumstances; thus, the court's implicit finding that the aggravating circumstances outweighed any mitigating circumstances is amply supported by the record. Further, the court's implicit determination that imposition of the low term was contrary to the interests of justice is also amply supported by the record contrary to the defendant's claims.

We note defendant's additional brief claim that the court failed to apply the criteria under section 1385, subdivision (c)(2)(E), in determining whether to dismiss his prior strike conviction. Section 1385, subdivision (c)(2)(E) requires a court to give great weight to evidence that "[t]he current offense is connected to prior victimization or childhood trauma," in determining whether to dismiss an enhancement. However, as the People correctly point out, "section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*People v. Burke* (2023) 89 Cal.App.5th 237, 244.)

In sum, defendant has failed to show the court abused its discretion in sentencing him. The aggravating circumstances support the court's decision to impose the upper term.

9

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

              J.

We concur:

McKINSTER _____

      Acting P. J.

RAPHAEL _____

      J.